

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CAVELL DEVON WEST,

    Petitioner,

v.                     Civil Action No. 3:12CV544

HAROLD CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Cavell Devon West, a Virginia state prisoner proceeding with counsel, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 7). Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. West has not responded. The matter is ripe for disposition.

## I.   PROCEDURAL HISTORY

### A.   State Proceedings

The Circuit Court of the County of Chesterfield ("Circuit Court") convicted West of first degree murder, armed burglary, and two counts of use of a firearm in commission of those crimes, and sentenced West to an active term of thirty-eight (38) years in prison. Commonwealth v. West, No. CR06F00662-02 through CR06F00662-05, at 1-3 (Va. Cir. Ct. Dec. 29, 2006). On



November 4, 2008, the Supreme Court of Virginia refused West's petition for appeal. West v. Commonwealth, No. 081157, at 1 (Va. Nov. 4, 2008).

On October 27, 2009,[1] West filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 5, West v. Johnson, No. CL09HC-3240 (Va. Cir. Ct. filed Oct. 27, 2009).[2] On February 15, 2011, the Circuit Court denied the petition. West v. Johnson, No. CL09-2591, at 1 (Va. Cir. Ct. Feb. 15, 2011).

West appealed to the Supreme Court of Virginia. On August 3, 2011, the Supreme Court of Virginia refused the petition for appeal. West v. Johnson, No. 110946, at 1 (Va. Aug. 3, 2011).

---

[1] Both West and Respondent state that West filed his petition on October 27, 2009, the date he signed it, however, the document is clearly marked "RECEIVED & FILED" on November 2, 2009. Petition for Writ of Habeas Corpus at 5, West v. Johnson, No. CL09HC-3240 (Va. Cir. Ct. filed Oct. 27, 2009). For the sake of consistency, the Court uses the earlier filing date.

[2] On March 31, 2010, West filed an amended habeas petition adding eight claims. Petition for Writ of Habeas Corpus at 1, West v. Johnson, No. CL09HC-3240 (Va. Cir. Ct. filed Mar. 31, 2010). On September 20, 2010, West, by counsel, filed a supplemental habeas petition. Supplement to Habeas Petition at 1, West v. Johnson, No. CL09HC-3240 (Va. Cir. Ct. filed Sept. 20, 2010). The Circuit Court disposed of all claims by its Order entered February 15, 2011. West v. Johnson, No. CL09-2591, at 1 (Va. Cir. Ct. Feb. 15, 2011).

## B.   Federal Habeas Petition

On July 25, 2012, West, by counsel, filed his § 2254 Petition in this Court.  (§ 2254 Pet. 15, ECF No. 1.)[3] In his § 2254 Petition,[4] West contends:

Claim One:  "Habeas relief is proper where the Commonwealth obtained a conviction by using a coerced and involuntary confession in violation of the Fifth[5] and Fourteenth[6] Amendments."  (§ 2254 Pet. 8.)

Claim Two:  "The prosecution failed to disclose evidence favorable to West until after he exhausted his direct appeals in

---

[3] On this date, counsel filed a § 2254 petition that failed to comply with Rule 2 of the Rules Governing Section 2254 Cases because West had not signed the petition.  See Rules Governing Section 2254 Cases in U.S. District Courts, Rule 2(c)(5);  (ECF No. 1).  On August 29, 2012, counsel submitted an additional § 2254 Petition not signed by West.  (ECF No. 3.)  On December 5, 2012, counsel submitted a § 2254 Petition signed by West.  (§ 2254 Pet. 17, ECF No. 5.)  A § 2254 petition that fails to comply with the federal habeas rules will be filed by the Clerk so long as the pro se petitioner submits a corrected petition that conforms with Rule 2.  Rules Governing § 2254 Cases in U.S. District Courts, Rule 3(b), Advisory Committee Notes, 2004 Amend.  While it is less clear if the same rule applies when the petitioner is represented by counsel, and counsel fails to obtain a petitioner's signature, as here, the Court need not entertain such a discussion as West's § 2254 Petition is barred by the statute of limitations using the date most favorable to West.  See infra Part II.

[4] The Court corrects the capitalization and emphasis in the quotations from West's petition.

[5] "No person shall . . . be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. XIV, § 1.

violation of <u>Brady v. Maryland</u> [373 U.S. 83 (1963)]." (<u>Id.</u> at 12.)

Claim Three:   "West was denied the right to effective assistance of counsel." (<u>Id.</u> at 14.)

## II.  ANALYSIS

### A.  Statute Of Limitations

Respondent contends that the federal statute of limitations bars West's claims.   Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.   Specifically, 28 U.S.C. § 2244(d) now reads:

1.   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of-

   **(A)**   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   **(B)**   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   **(C)**   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

4

> Court and made retroactively applicable to cases on collateral review; or
>
> **(D)**   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2.   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.   Commencement Of The Statute Of Limitations Under 28 U.S.C. § 2244(d)(1)(A)

West's judgment became final on Monday, February 2, 2009, when the time to file a petition for a writ of certiorari expired. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); see Sup. Ct. R. 13(1) (requiring a petition for certiorari to be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run the next day, and 266 days of the limitation period elapsed before West filed his state petition for habeas corpus in the Circuit Court on Tuesday, October 27, 2009. See 28 U.S.C. § 2244(d)(2).

### C.   Statutory Tolling

The limitation period remained tolled from October 27, 2009 until August 3, 2011, when the Supreme Court of Virginia refused his petition for appeal of the Circuit Court's denial of his habeas petition. After the Supreme Court of Virginia dismissed his petition for appeal, the limitation period ran for another 356 days from August 4, 2011 until July 25, 2012, when West filed the present § 2254 Petition. Because the limitation period ran for a total of 622 days before West filed his § 2254 Petition, the statute of limitations bars the § 2254 Petition unless West demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling. West fails to suggest any plausible basis for equitable tolling or belated commencement of the limitation period.

### D.   Belated Commencement

Although ultimately inadequate, the record suggests a possible basis for belated commencement. While West fails to advance this argument, the facts provided in Claim Two suggest that West might be entitled to a belated commencement of the limitations period under § 2244(d)(1)(D). In Claim Two, West argues that the prosecutor failed to disclose purportedly exculpatory evidence of a handwriting analysis of a letter in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

6

Under § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim. See Schlueter v. Varner, 384 F.3d 69, 74 (3rd Cir. 2004); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) (citing Lott v. Coyle, 261 F.3d 594, 605-06 (6th Cir. 2001)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date under which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). See id. at 1540-41 (rejecting petitioner's assertion that he could not have discovered his new Brady claim prior to filing his first § 2254 petition). Ultimately, West must demonstrate that a reasonable investigation would not have unearthed the handwriting analysis until after his conviction became final on February 2, 2009. See id. This he fails to do.

West explains that in March 2006, he wrote a letter to a detective with the Chesterfield County Police Department, requesting that the department conduct a handwriting analysis on a letter West received while in jail cell from his co-defendant, Rockney Molinar. (§ 2254 Pet. 6-7; Sept. 14, 2006 Tr. 98, 103-04.) The letter, which was unsigned and undated, and had no accompanying envelope stated, inter alia, "'Now look, you know it was me who pulled the trigger.'" (§ 2254 Pet. 6-7; Sept. 14, 2006 Tr. 100, 102.) West contends that the Commonwealth's Attorney turned this letter over to West's trial counsel on May 5, 2006. (§ 2254 Pet. 7.)

During trial on September 14, 2006, trial counsel and the Commonwealth questioned West about the letter. West testified that he received the letter in January of 2006 and testified that he was familiar with Molinar's handwriting, and the handwriting belonged to Molinar. (Sept. 14, 2006 Tr. 102-03.) When asked where West received the letter he testified, "I was in my cell later on that day, and I woke up." (Sept. 14, 2006 Tr. 99.) West explained that the letter "was passed through from somebody else," who "handed it to [West] after he came from the juvenile services." (Sept. 14, 2006 Tr. 102.) Over the Commonwealth's objections, the Circuit Court entered into evidence the January 2006 letter and West's letter to police

requesting a handwriting analysis. (Sept. 14, 2006 Tr. 99, 103-05.)[7]

Counsel for West contends that the Commonwealth failed to disclose the results of a July 31, 2007 handwriting analysis[8] to her until April 21, 2010, while West's state habeas petition was pending in the Circuit Court.[9] To the extent West suggests that the factual predicate of the Brady claim was not available to him until April 21, 2010, that suggestion lacks factual merit.

The record reflects that during the pendency of West's direct appeal, the Commonwealth's Attorney filed a Motion for Remand and Substitution of Exhibit in the Court of Appeals of Virginia. Motion for Remand and Substitution of Exhibit at 1-2,

---

[7] Counsel for West incorrectly asserts that the letter purportedly written by Molinar was not admitted into evidence. (§ 2254 Pet. 16.) The Circuit Court admitted the letter as Defense Exhibit No. 1. (Sept. 14, 2006 Tr. 103.)

[8] According to counsel, the handwriting analysis stated that "'there is no evidence to suggest that more than one writing instrument was used to produce the [the letter]' and (2) 'there was no evidence to suggest that more than one writer prepared the text on [the letter].'" (§ 2254 Pet. 13 (alterations in original).) Counsel for West suggests that the letter from Molinar and the handwriting analysis are attached as exhibits to his § 2254 Petition. That is not so. Nevertheless, the Court notes that a copy of the letter was attached to West's amended pro se habeas petition filed in the Circuit Court. See Petition for Writ of Habeas Corpus at Ex. C, West v. Johnson, No. CL09HC-3240 (Va. Cir. Ct. filed Mar. 31, 2010).

[9] The same counsel represented West in his state habeas proceedings as in the instant federal action. She asked the Court to note her appearance on West's behalf on September 20, 2010. Notably, counsel filed a supplemental habeas petition on September 20, 2010 that included no claim based upon this purported newly disclosed handwriting analysis.

West v. Commonwealth, No. 0120-07-2 (Va. Ct. App. filed May 23, 2007). The Motion asked for the substitution of the original letter, "Defendant's '#1 Handwritten letter from Rocky Molinar,'" to afford "the Commonwealth a reasonable opportunity to conduct any forensic analysis of this document" before the start of trial of West's co-defendant on August 13, 2007. Id. at 1-2; see Letter at 1-2, West v. Commonwealth, No. 0120-07-2 (Va. Ct. App. filed June 15, 2007). The Commonwealth explained that it "desire[d] to submit the original exhibit, a letter from Rockney Molinar to Cavell West, to the Department of Forensic Science for analysis—well in advance of our currently scheduled trial date, so that the results of the analysis may be disclosed in advance and available for use at our August trial date." Letter at 1, West v. Commonwealth, No. 0120-07-2 (Va. Ct. App. filed June 15, 2007). On July 24, 2007, the Court of Appeals granted the motion and returned the original letter to the Circuit Court for analysis and use in West's co-defendant's trial. West v. Commonwealth, No. 0120-07-2, at 1 (Va. Ct. App. July 24, 2007.) Accordingly, the record reflects that as of July 24, 2007, West's counsel had notice that the Commonwealth was submitting the letter for a handwriting analysis for use in a trial commencing August 13, 2007.

"Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every

imaginable option." _Anjulo-Lopez v. United States_, 541 F.3d 814, 818 (8th Cir. 2008) (citing _Aron v. United States_, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make _reasonable_ efforts to discover the facts supporting his claims." _Id._ (citing _Aron_, 291 F.3d at 712). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." _Johnson v. United States_, 544 U.S. 295, 311 (2005).[10]

West fails to demonstrate that, acting with due diligence, he could not have discovered the facts supporting his present claim, at the latest, by July 24, 2008, one year after the date the Court of Appeals of Virginia granted the Commonwealth's motion to remand the letter to the Circuit Court to allow the Commonwealth to conduct a forensic analysis of this document. _Wood v. Spencer_, 487 F.3d 1, 5-6 (1st Cir. 2007) ("[W]hen the facts pertinent to a petitioner's _Brady_ claim could in the exercise of due diligence have been discovered at an earlier

---

[10] In _Johnson_, the petitioner sought a belated commencement of the limitation period to file a § 2255 motion until the date that he successfully invalidated a prior state court conviction that had been used to enhance his federal sentence. 544 U.S. at 298-301. The Supreme Court noted that the petitioner had not exhibited the requisite diligence where he waited over twenty-one months after his federal conviction became final before he challenged "the predicate for enhancement by filing his state habeas petition." _Id._ at 311. The Supreme Court observed that the petitioner's pro se status and "procedural ignorance" were no excuse for his "prolonged inattention." _Id._

date, that date marks the commencement of the . . . limitations period." (citing Daniels v. Uchtman, 421 F.3d 490, 492 (7th Cir. 2005))); Nashar v. United States, Nos. 3:10CV92-02-V, 3:06CR84-V, 2010 WL 966002, at *3 (W.D.N.C. Mar. 12, 2010) (refusing to order belated commencement to the date that the government requested certain documents to be unsealed where petitioner fails to explain why he did not request that the documents be unsealed sooner). West's prolonged "inaction is incompatible with a finding of due diligence. Hence, [West] cannot avail himself of the exception limned in section 2244(d)(1)(D)." Wood, 487 F.3d at 5-6 (citing Daniels, 421 F.3d at 492; Schlueter, 384 F.3d at 74).

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 7) will be granted. The § 2254 Petition will be denied and the action will be dismissed. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that West is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to West and counsel for Respondent.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 17, 2013